## EUSTIS v. STEINSON.

(Supreme Court, Appellate Term. June 22, 1903.)

1. NEW TRIAL—ALTERCATION BETWEEN PARTIES—DESTRUCTION OF PAPERS.

On reopening court after a recess, defendant stated that, while examining his papers, plaintiff had seized them, torn them up, and called defendant a thief. Plaintiff stated that he had found exhibits he wanted among defendant's papers, and taken them. Defendant interposed that plaintiff was then handling his papers, and asked that he be prevented from doing so. Defendant refused to proceed, and the court directed a verdict for plaintiff. *Held*, that a motion for a new trial by defendant on the ground that he had not been protected in his rights was untenable.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by John E. Eustis against George Steinson. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

George Steinson, in pro. per.
Eustis & Foster, for respondent.

PER CURIAM. The action was brought on a written contract for legal services. The plaintiff claims he performed his part and earned his compensation. This claim is disputed by defendant. Each party conducted his own case at the trial. After considerable testimony had been taken, the court took a recess. Upon the reopening the following scene took place:

Defendant: I move to punish the plaintiff for contempt of court. While I was examining my papers, to hand to you what I thought was proper for you to have, he grabbed the papers, and tore them, and called me a thief, and threatened to hit me. The Court: That was not in the presence of the court. Plaintiff: I asked for the exhibits, and found among his papers the papers I wanted, and took hold of them, and he grabbed them up and tore them. The Court: That is a question of fact between you gentlemen, of an act committed while the court was in recess, and I cannot take cognizance of it. Defendant: He is handling my papers again, and I ask the court not to allow him to do so. Unless I have the protection of this court, I won't proceed further. The Court: Are you ready to proceed? Defendant: I will proceed

no further. The Court: The jury are instructed to find for plaintiff for the sum of $200, with interest from February 1, 1901, making a total of $225. (The jury found accordingly.) Defendant: I move for a new trial on the ground that the defendant has not been protected in his rights before the court, and on the ground that the evidence has been so mixed up that it is impossible for him to proceed, and on the ground that the court has refused its protection to him in the presentation of his case. (Motion denied. Exception taken.)

The defendant took no exception to the failure of the court to submit the issues to the jury, and made no motion in respect thereto. He relied upon his exception to the refusal of the court to grant a new trial. Defendant's motion for a new trial was based solely upon untenable grounds.

The judgment should be affirmed, with costs.